# JOHN F. CONOVER

## v.

# WILLIAM MUSGRAVE et al.

1. GUARDIAN'S SALE—*whether voidable for irregularity in executing decree.* Where the court ordering and confirming a guardian's sale of the lands of his wards has jurisdiction of the subject matter and of the parties, and the only irregularity shown was in the execution of the decree, as where the sale was ordered to be made and was made on the 19th day of June, and it was advertised for the 18th of June, and no fraud was shown: *Held,* that the sale was not void as having been made without power, and not even voidable as against a purchaser having no notice of the irregularity.

2. JUDGMENT OR DECREE—*impeaching collaterally.* As a general rule, where a court has jurisdiction of the subject matter and of the parties, and proceeds to adjudicate, and renders a judgment or decree, it can not be impeached in a collateral proceeding.

3. JUDICIAL SALE—*must be avoided for irregularities before rights of innocent purchasers intervene.* Where an irregularity occurs in the execution of a decree of sale, the parties in interest should bring the facts before the court before confirmation, and it may be, that, after confirmation, the sale might be avoided, on bill in equity, as against the first purchaser, by showing that he was chargeable with notice; but such a bill comes too late after confirmation, and after a third person has become the purchaser for a valuable consideration without notice.

4. SAME—*policy to uphold.* Public policy requires stability in all judicial sales and that they should not be disturbed for slight causes, otherwise property can not be expected to bring its value at such sales.

5. BILL OF REVIEW—*when it lies and for what.* A bill of review lies to reverse and set aside a former decree for error of law apparent on the face of the decree, or for fraud. Where the error is not in the decree but in its execution, and the errors do not appear upon the record, but must be shown by extrinsic evidence, it can not be reached by bill of review.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. ANDREW D. DUFF, Judge, presiding.

This was a bill in chancery, filed by William Musgrave and Josephine Musgrave, his wife, the latter as heir at law of James M. Gaston, deceased, against John F. Conover,

Artemissa J. Maxwell, Martha J. Gaston, guardian, etc. By stipulation in this court the writ of error was dismissed as to all of the plaintiffs in error except as to John F. Conover. The facts of the case are stated in the opinion of the court.

Messrs. RAUM & CHRISTY, for the plaintiff in error.

Mr. ALFRED C. DUFF, and Mr. JAMES M. GREGG, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was a bill in equity, filed by defendants in error in the Saline circuit court, against plaintiff in error, to enjoin him from asserting title obtained at a sale made by their guardian, to lands which they inherited from their father, James M. Gaston, deceased, and for a partition of the same amongst them.

The bill alleges, that Gaston died seized of the land in controversy, and left defendants in error as his heirs at law, and that they thereby became seized of the premises as tenants in common; that Martha Gaston, who was their guardian, petitioned the circuit court of Saline county and obtained leave to sell the lands for their support and education.

The court, in the decree, required the guardian to advertise the sale for, and to sell the land on the third Monday in June, 1865. The guardian advertised the sale for the 18th day of June, which was Sunday, and the third Monday was the 19th of that month. The guardian proceeded and sold the land on the 19th, the day fixed by the court, without any other or further notice. The guardian reported that she had advertised the land as required by the decree, and had sold the same on the third Monday of June, as required by the decree. At that sale, C. R. Davis and S. M. Boyle became the purchasers, and subsequently the former conveyed his interest in the premises to the latter, who sold and conveyed to plaintiff in error.

The cause came to a hearing on bill, answer, replication and proofs, and the court granted the relief sought, and defendant prosecutes this writ of error and asks a reversal.

The proofs seem to sustain the allegations of the bill, and we therefore shall discuss the case as though the allegations are true. The question then arises on this record, whether there was such an irregularity in conducting this sale as to render it void, or even voidable as to an innocent purchaser. Counsel for defendants in error proceed upon the ground that the sale was absolutely void. If they are correct in this position, then the decree of the court below is proper and should not be disturbed. But is the decree void? As a general rule, where a court has jurisdiction of the subject matter and of the persons of the parties, and proceeds to adjudicate, and renders a judgment or decree, it can not be impeached in a collateral proceeding; it can not be regarded as void, and can only be impeached or questioned in a direct proceeding for error; nor will the execution of such a decree he held void, but it may, for sufficient cause, be avoided.

In this case there is not the slightest pretense that the court below did not have complete jurisdiction of the subject and the parties. Nor is it even suggested that there was any error up to, and including the decree; nor have we discovered any from the record before us in this case. The sale was not, therefore, void for want of jurisdiction. Did it, then, become void by reason of the sale being made on the 19th when it was advertised for the 18th day of June? The guardian was licensed to sell the property on the former day, and she seems to have conformed to the decree in all things but in advertising the sale. The sale was, therefore, not made without power, and hence was not void.

Had the defendants in error, by their next friend, shown the facts now proved on the coming in of the guardian's report, the court below would not have confirmed the sale, but would have set it aside and ordered a resale. It could have

been thus avoided, and, it may be, notwithstanding the confirmation, had a bill been filed against the first purchasers who either had notice or were chargeable with notice, the sale would have been set aside; but after it has been confirmed, and a third person becomes a purchaser from the grantee of the guardian, for a valuable consideration, and without notice, the application comes too late. In this case, there is no charge that plaintiff in error had notice of the irregularity, or that he was not a *bona fide* purchaser for a full consideration.

The tenth section of the act under which the proceeding was had, provides, that it shall be the duty of the guardian to make return of his proceedings to the court granting the order of sale, which, if approved by the court, shall be recorded, and shall invest in the purchaser all of the interest the ward had in the estate sold. This provision was intended to have some operation; and a fair construction requires us to hold, that it is, and must be effectual, to vest title where the court has complete jurisdiction, and the purchaser or his grantee has no notice, and is chargeable with none, of irregularities which may have occurred after the decree was rendered. If the holder of the title knows, or is chargeable with knowledge, that the requirements of the law have not been regarded, we are not prepared to hold that they would be protected by such a confirmation of the sale. To be protected, they should be free from all participation in the violation of the law and ignorant that it has been disregarded. Then, to avoid such a sale, the holder of the title must have been a party to the wrong or known of its existence.

This is not a bill of review, nor will, so far as we see, such a bill lie on this record. Such a bill lies to reverse and set aside the former decree for error of law apparent on the face of the decree. In this case the error complained of is *de hors* the record, and can only be shown by evidence outside of and contradictory to the record; and when shown, it is not an error in the decree, but in its execution. The bill does

not charge fraud, and it can not be treated as a bill to impeach the decree for fraud in obtaining it; nor is it charged that the sale was fraudulently made; and, from the evidence, we infer that it was ignorantly or recklessly made.

Public policy requires stability in all judicial sales, and that they should not be disturbed for slight causes. To do so, would impair that confidence so essentially necessary to induce persons to become purchasers when real estate is offered for sale under a judgment or decree of a court. If these sales can not be upheld, or if set aside for trifling causes, the property of minors can only be sold at great loss to them. And in this case, the defendants in error having received the benefit of the money arising from the sale of this land, their appeal to equity is not of that character that deserves the sympathies of our better nature. If their guardian has misapplied the money, or has sold their property at a heavy loss in consequence of not having sold on the day fixed by the advertisement, they have their remedy on the guardian's bond; and, unless required by law to afford relief, we are not inclined to aid them as against a person who, on examining the record, found everything apparently strictly in conformity to law in rendering the decree and in conducting and approving the sale.

The authorities referred to as decisive of this case in favor of defendants in error, we think do not aid them. In *McConnel* v. *Gibson,* 12 Ill. 128, the effort was to impeach and set aside a sale made by a commissioner under a decree, for fraud in conducting the sale. In that case the sale was set aside because the commissioner became the purchaser through another person who was the bidder; and in carrying out his fraudulent purpose of becoming the purchaser at a great sacrifice, the commissioner sold on a day different from that named in the notice. Such fraud was held to be ground for granting relief; but the only similarity between that and the present case is, that in each the sale was on a day different from that advertised. But there, it was done for a

fraudulent purpose. Here, no fraud is charged. The case of *Stewart* v. *Croes*, 5 Gilm. 442, was a bill brought to set aside a sale made by a sheriff, on the ground that he had sold the lands on a day different from that specified in the notice, and it was held, on demurrer, that the sale was voidable as against persons holding the title with notice, or, in contemplation of law, cognizant of the fact. To be applicable, notice should, in this case, have been charged and proved.

The case of *Mulford* v. *Stalzenback*, 46 Ill. 303, was a bill filed to impeach the decree, and sale by a guardian, on the grounds of alleged fraud in procuring the decree, and for want of jurisdiction in the court to render the decree. The decree and sale were upheld as regular and valid. In discussing the question the court say, " that the sale was made at the appointed time, after due notice, and that the land sold for its value." It is not intimated that if these things had not been done the sale would have been set aside as to an innocent purchaser. That language was used in reference to the purchaser at the guardian's sale, who will be presumed to have notice of any irregularity in conducting it. But in the same opinion it is said, that the case of an innocent purchaser, without notice of irregularities or defects, is different from that of a purchaser at the guardian's sale. The rule of law in this State is, that a purchaser under a judicial sale is not bound to look beyond the decree, when executed by a conveyance, nor go back farther than the order of the court, where the facts necessary to give the court jurisdiction appear on the face of the record.

This case holds that an innocent purchaser is not bound to inquire beyond or outside of the record to see that the decree was properly executed, and seems to control the case at bar.

The decree of the court below must be reversed and the cause remanded.

*Decree reversed.*