## Richmond.

### LANGYHER, TRUSTEE, *v.* PATTERSON & BASH.

#### May 3d, 1883.

1. JUDICIAL SALES—*After confirmation, how set aside.*—Where such sale has been confirmed by the court it cannot be set aside except upon petition or motion, after proper notice to all parties interested and for good cause shown.

2. IDEM—*Case at bar.*—Commissioner empowered to sell mill property for one-fourth cash and balance in one, two and three years, reported sale of same to L. at $1,000, receiving cash $56.50 and purchaser's notes for balance payable in three equal annual instalments, and that he had found it impossible to sell to any advantage on terms of decree. No exception. On hearing sale confirmed. During same term, two days later, upset bid of ten per cent. offered. No money or security tendered. No affidavit or suggestion that the price was inadequate. Without notice to purchaser, who had left court, decree was entered rescinding confirmation, ordering the property to be set up on the terms ordered and started at $1,100. On appeal;

HELD:

The decree of rescission of confirmation of the sale was erroneous.

3. IDEM—*Confirmation cures irregularities.*—Subsequent confirmation is equivalent to previous authority, cures departures from the terms prescribed and supplies all defects in the execution of the decree, except those founded in lack of jurisdiction. It makes the sale the court's own act, and renders it no longer *executory*, but *executed*.

4. IDEM—*Public policy.*—Public policy requires that purchasers at such sales should be entitled to certainty and security of their rights under their purchases, and that they should not be refused confirmation, simply because they may have got a good bargain.

Appeal from decree of circuit court of Prince William county rendered 13th October, 1880, in a chancery suit wherein John N. Patterson and John H. Bash, partners in the name of Patterson & Bash, were plaintiffs, and John Langyher and others,

were defendants. The object of the suit was to subject John Langyher's real estate to satisfy the lien of the plaintiff's judgment. Sale of certain mill-property was decreed, made, reported and confirmed, and two days later, during same term, the decree of confirmation was rescinded by the court. From the decree rescinding the confirmation of sale, the purchaser, W. S. Langyher, trustee of Catherine E. Langyher, obtained an appeal and *supersedeas.* The facts are fully set out in the opinion of the court.

*C. E. Nichol,* for the appellant.

*E. E. Meredith,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

At the May term, 1880, in this cause, a decree was entered appointing and empowering a commissioner to make sale of the "mill property," either by private or public sale, and directing that it should be sold for one-fourth cash, and balance in one, two and three years. Under this decree the said commissioner, on the 11th day of October, 1880, reported a sale of the said "mill property," to W. S. Langyher, trustee of Catherine E. Langyher, for the price of $1,000, receiving in cash $56.50, and the notes of the said Catherine E. Langyher for the balance of the purchase money, payable in three equal annual instalments; and reporting to the court, at the same time, that he had found it impossible to sell the said property to any advantage upon the terms of the decree requiring one-fourth of the purchase money to be paid in cash. To this report there was no exception, and the cause coming on to be regularly heard, the court entered, on the 11th day of October, 1880, a decree of confirmation. On the 13th day of October, and during the same term of the court, an upset bid of ten per cent. advance was offered by one Robert Mitchell, and the court entered a decree on the said 13th Octo-

ber, 1880, rescinding the former decree of the 11th day of October, 1880, which had confirmed the sale to W. S. Langyher, trustee, and ordered that the property be set up on the terms heretofore ordered, and started at the sum of $1,100. From this decree an appeal and *supersedeas* were allowed by this court; and the only question to be determined here is, whether it was error in the circuit court in rescinding the confirmation of the sale made to the said W. S. Langyher, trustee, and ordering a resale?

The ten per cent. advance bid of the said Robert Mitchell was the *only ground* on which the said sale, and the former decree of the court confirming the sale to W. S. Langyher, trustee, were rescinded. The purchaser had paid the cash required by the commissioner of sale, and had executed her bonds for the deferred payments of purchase money; they had been regularly reported to and accepted by the court, and she had left the court. At a subsequent day of the term, without notice to the purchaser, or to any of the parties to the suit, the decree of confirmation of sale was rescinded, and a resale ordered. So far as the record shows, the said Robert Mitchell, who made the offer of the ten per cent. advance bid, did not bring the money into court, or tender any security for it. There was no affidavit or deposition, or even a suggestion, that the *price* for which the land sold was *inadequate,* and every step taken under the decree for sale was regular and strictly in conformity with the decree, except that the commissioner was directed to sell the property for *one-fourth cash,* and the balance in one, two and three years; and instead of so doing, sold for the *costs cash,* and the balance in one, two and three years. In his report of sale, he says: "Your commissioner would further report, that by the terms of the decree he was required to sell the property for one-fourth *cash;* but your commissioner found it impossible to sell to any advantage on the terms set forth in the decree." This slight variance in the terms of sale, as reported by the commissioner of sale, the court approved; and the *confirmation of the sale,* on

these terms, made it equivalent to specifying them in the decree of sale, in the first instance, as by chapter 174 of the Code of Virginia, 1873, the court was fully empowered to do. In fact, the majority of judicial sales in Virginia are made on these terms. The court, in confirming a sale, may ratify various irregularities in the proceeding of the commissioner of sale, even the changing of the terms of sale, and supply or cure all defects in the execution of its decree, except those founded in defect of jurisdiction, or in fraud. Rorer on Judicial Sales, section 122; Branch's Principia, 28; *Cockey* v. *Cole*, 28 Md. 276; *Williamson* v. *Berry*, 8 Howard, 546; Freeman on Void Judicial Sales, section 42; *Emory* v. *Vroman*, 19 Wis. 724; *Thorn* v. *Ingram*, 25 Ark. 58; *Conover* v. *Musgrave*, 68 Ill. 58.

Confirmation is the judicial sanction of the court; and by confirmation the court makes it a sale of its own; and the purchaser is entitled to the full benefit of his contract, which is no longer *executory* but *executed*, and which will be enforced against him and *for him*. Rorer on Judicial Sales, sections 122 and 124; 1 Sugden on Vendors, p. 68; 2 Daniell's Ch. P. 1454. In *Hurt* v. *Jones and Wife*, 75 Va. 347, Judge Burks, in the opinion of the court, said: "As soon as the sale is confirmed by the court there is a completed contract; the bidder becomes a purchaser, and is thenceforth regarded and treated as the equitable owner of the land, with the right reserved to compel him to comply with his contract by payment of his purchase money."

Sugden on Vendors, p. 66, says: "Where a person is desirous of opening a bidding, he must apply to the court, by motion for that purpose, stating the advance offered. Notice of the motion must be given to the person reported the purchaser of the *lot* and to the parties in the cause." And Judge Moncure, delivering the opinion of the court in *Effinger* v. *Ralston*, 21 Gratt. 437, *after reciting this rule*, among others, says: "Such are some of the rules of the English practice on this subject, and the same rules and practice substantially exist in this state."

In Virginia the method of setting aside a sale *after confirma-*

*tion* by the court, was considered in *Taylor* v. *Palmer*, decided by the special court of appeals 1873, and published in the July number 1882, *Virginia Law Journal*. The court held—"where a judical sale has been confirmed it can only be properly set aside by a rehearing, on petition; of the decree of confirmation, filed in proper time, and not by sustaining exception to the sale filed after such decree of confirmation."

Even in England, the only ground on which a sale that has been confirmed by the court can be set aside, is *fraud* on the part of the purchaser. 1 Sugden on Vendors, 68; 2 Daniell's Ch. Pr. 1471 (Perkins' ed.)

In the case of *White* v. *Wilson*, 14 Ves. 151, Lord Eldon said, "he could not do a thing more mischievous to the suitors than to relax further the binding nature of contracts in the master's office;" and he adhered to the rule stated in the case of *Fergus* v. *Gore*, (1 Schoales & Lefroy, 350), by Lord Redesdale, "that the biddings could not be opened after the report was absolutely confirmed, unless on the ground of fraud on the part of the purchaser."

In *Brock* v. *Rice*, 27 Gratt. 812, Judge Staples, speaking for the whole court, said: "It has never been held that it is imperative upon the court to set aside the sale and reopen the bids. It is a question addressed to the sound discretion of the court, subject to the review of the appellate tribunal; and the propriety of its exercise depends upon the circumstances of each case, and can only be rightfully exercised, when it can be done with a due regard to the rights and interests of all concerned— the purchaser as well as others. This cannot be done when no respect is had to the rights and interests of the purchaser. That is not the case, where the court seeks to extort every dollar it can get from the purchaser, and refuses to confirm a sale fairly made, because he has gotten a good bargain."

The case of *Berlin* v. *Melhorn*, 75 Va. R. 639, was a judicial sale at which Berlin was the purchaser, and the commissioner conducting the sale made report of the fact to the court, and the

court confirmed the report. Afterwards, *and during the term* at which the order of confirmation was made, Melhorn offered an advance on Berlin's purchase; and thereupon the court, without assigning any reason, by its decree set aside the order of confirmation and directed the land to be again exposed to sale at the price offered by Melhorn as an upset bid. Berlin, on appeal allowed him, complains of this decree. "We are of opinion," said Judge Burks for the whole court, "that he has just ground of complaint."

In the case at bar, viewed in the light of the law; and the facts, we think there was error in the action of the circuit court of Prince William county in setting aside the decree of confirmation of sale to the appellant in this case. She had dealt with the court and complied with the terms of the court, had paid the cash requirement of the terms of sale, and executed and delivered her purchase money bonds for the deferred payments; and, after the whole transaction had been ratified and confirmed by the court, she had left the court. Days afterwards, when the matter had passed beyond the power of the court, except upon petition for rehearing and notice to the purchaser and the parties to the cause, the court set aside the decree of confirmation of sale, and rescinded the sale itself and ordered a resale. This, we think, it should not have done, under the circumstances of this case; for, though it was within the discretion of the court, at any time during the term, to set aside the decree and rescind the sale upon proper motion and notice to the purchaser and parties concerned, and for good cause shown—such, for instance, as a sacrifice of the property—yet it was in this case, so far as the record shows, not a sound, but apparently an arbitrary discretion, which calls for appellate correction by this court.

Courts in Virginia are but instrumentalities of the law; and public policy requires that purchasers at judicial sales, who are amenable to the coercion of the courts for the performance of their part of the contract of sale, should also be entitled to the

certainty and security of their once vested rights under the contract.

The decree of the circuit court of Prince William appealed from in this case must be reversed and annulled, and the sale made and confirmed to the purchaser, W. S. Langyher, trustee, be reinstated, with costs to be paid by Robert Mitchell. But as it appears from the record that the appellees, Patterson and Bash, are mere nominal parties to this appeal, no decree for costs can go against them.

The decree is as follows:

This day came again the parties, by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said circuit court erred in setting aside and rescinding the sale of the mill property in the bill and proceedings mentioned to the purchaser, W. S. Langyher.

It is, therefore, decreed and ordered that the said decree be reversed and annulled, and that the appellee, Robert Mitchell, pay to the appellant his costs by him expended in the prosecution of his appeal and *supersedeas* here.

And this cause is remanded to the said circuit court for further proceedings to be had therein to a final decree.

Which is ordered to be certified to the said circuit court of the county of Prince William.

DECREE REVERSED.