# Richmond.

## J. R. WALKER v. J. D. SMITH'S ADMR'X.

### December 17, 1925.

1. JUDICIAL SALES—*Inadequate Price—$1,000 for Land Valued at $2,250.*— $1,000 bid and accepted at an auction sale of land to enforce a judgment lien is a grossly inadequate price, where the special commissioner fixes the value of the land at $2,250 and most of the affidavits filed by the judgment debtor fixed the value at from $2,500 to $3,000.

2. ORDERS—*Power of Chancery over Order During Term—Annulling, Modifying or Altering.*—A chancery court has control of its orders, and can annul, modify or alter them during the term.

3. JUDGMENTS AND DECREES—*Final Judgments and Decrees—Power of Court over Decree During Term at which Rendered.*—If a decree is not final it is not properly a decree at all. A decree is not properly a decree at all until the end of the term at which it was pronounced, being until then in *fieri* and in the breast of the court.

4. JUDICIAL SALES—*Grossly Inadequate Price—Setting Aside Judicial Sales— After Confirmation at the Same Term—Case at Bar.*—In the instant case, appellant, purchaser at a judicial sale, contended that while a grossly inadequate price might be a sufficient reason for declining a sale if objection is made before the confirmation of the sale by the court, it could not avail in the instant case, for the reason that the sale had been confirmed by the court on October 3rd, and the motion to set aside the decree of confirmation not made until October 6th, three days later during the term.

   *Held:* That the chancellor had ample authority during the October term of his court to enter the order appealed from, setting aside the sale on the ground that the price was grossly inadequate, provided he exercised a sound judicial discretion in so doing.

5. APPEAL AND ERROR—*Discretion of Court—Dependent upon Circumstances.*—Where discretion is to be exercised no hard and fast rule can be announced applicable to every changing condition. What is a wise exercise of discretion depends upon the settings of each particular case.

6. JUDICIAL SALES—*Confirmation—Encouragement of Purchaser.*—Such vitality should be given to judicial sales properly conducted as will encourage purchasers to bid the high dollar, with the reasonable assurance of receiving the courts' approval, and ultimately the

possession of the property offered for sale. This is essential if courts are to successfully dispose of property committed to their custody and control.

7. JUDICIAL SALES—*Approval of Court—Bid Merely an Offer until Approval.*—The highest bidder at a judicial sale has only made an offer to the court to buy the property, and before this offer is made permanently effective and binding, it must receive the court's approval.

8. JUDICIAL SALES—*Setting Aside During Term—Discretion of Chancellor—Case at Bar.*—A purchaser of property at a judicial sale must be presumed to know that the decree confirming the sale could be annulled during the term and that until the end thereof, the assumption of ownership or expenditures upon the property were subject to that eventuality. And in the instant case, the chancellor wisely exercised his discretion in vacating, on October 6th, a decree rendered on October 3rd, confirming a sale to enforce a judgment lien, and in directing a resale of the property, where the price was grossly inadequate.

Appeal by purchaser from a decree of the Circuit Court of Henry county, directing a resale of property sold to enforce a judgment lien.

*Affirmed.*

The opinion states the case.

*Gravely & Carter,* for the appellant.

*George H. Marshall* and *Ivey, Trotter & Johnson,* for the appellee.

McLEMORE, J., delivered the opinion of the court.

Bessie M. Smith, administratrix of J. D. Smith, deceased, at the July term 1922 of the Circuit Court of Henry county recovered a judgment against J. Q. A. Sprinkle for $550.00 and costs, and upon failure to collect by means of an execution, brought a chancery suit to enforce the lien against the real estate of the debtor, which consisted of a tract of land containing 180 acres.

These chancery proceedings having taken the usual course by reference to a commissioner, etc., upon a bill taken for confessed, the tract of land was directed to be sold at the April term, 1923, unless the judgment, interest and costs were paid within thirty days from the end of the term. This was not done and the special commissioner sold the property at public auction, after due legal and sufficient advertisement in accordance with the directions contained in the decree.

At this sale, which was had on September 22, 1923, and was in all respects fairly conducted, J. R. Walker, the appellant, became the purchaser, bidding therefor $1,000.00. In the commissioner's report prior to the sale, he reported the property as worth $2,500.00.

This sale was reported to the court at the October term, 1923, and there being no exceptions taken thereto, the same was confirmed by a decree entered October 3, 1923. Three days later, on October 6th, and during the same term of court J. Q. A. Sprinkle filed exceptions to the report of sale and gave notice to the purchaser that he would ask that the sale be set aside, because grossly inadequate, and because an upset bid had been made for the property of $2,000.00 by B. F. Sprinkle, supported by a bond properly secured. This bond was filed in court on the same day the exceptions to the report were taken, namely, October the 6th, and is admittedly a good bond.

In pursuance of the exceptions and the upset bid aforesaid, the court on the same day entered an order vacating the decree of October 3rd and allowed all parties in interest time to submit affidavits in support of the sale made to appellant, as well as to sustain the motion of the, exceptor Sprinkle; and accordingly affidavits were filed by both parties relating solely to the question of the value of the farm. These affidavits

being considered by the court, on January 10, 1924, a decree was entered in which it is said: "And the court being of opinion that the sale of the land in this cause made by special commissioner S. G. Whittle, Jr., September 22, 1923, to J. R. Walker at the price of one thousand dollars ($1,000.00), was made at a grossly inadequate price, doth so decide and decree." The decree then proceeds to direct a resale of the property, starting the bidding at $2,000.00, the amount of the upset bid, etc.

It is because of this decree that appellant comes to this court complaining, and upon the correctness of the rulings of the court below, as embodied in the said decree, this court must now pass.

An impartial reading of the record will, we think, lead inevitably to the conclusion that a fair valuation of the land in controversy is as much as was reported by the special commissioner, namely $2,250.00. These figures were ascertained and reported as the result of evidence and other information acquired by the commissioner at a time when there was no reason to boost or depress the value, and the later affidavits filed after the question of fair market value became an issue, seem to amply support the estimate placed on the property in the special commissioner's report.

Most of the affidavits filed by appellee fix the value of the farm at from $2,500.00 to $3,000.00.

[1] With this state of facts, was $1,000.00 a grossly inadequate price? We think that there can be but one answer to that question, and the decree of the learned chancellor in the lower court, holding that it was grossly inadequate, seems to us in that particular to be clearly right. We have been cited to no case, nor have we been able to find one, where the disparity was as great, that the courts have not held it to be grossly inadequate.

But, says the appellant, a grossly inadequate price may be a sufficient reason for declining a sale under the doctrine of *Schultz, et al.* v. *Hughson*, 134 Va. 497, 114 S. E. 591, if objection is made before confirmation of the sale by the court, but it can be of no avail in the instant case for the reason that the sale had been confirmed by the court on October 3, 1923, and the exceptions of Sprinkle and his motion to set aside the decree of confirmation was not made until October 6, 1923, three days later during the term, and he is therefore, bound by the doctrine and rules laid down by the courts as applicable to confirmed sales.

[2] That the chancery court has control of its orders, and can annul, modify or alter them during the term seems too well established to admit of discussion.

[3] The learned author of Minor's Institute, in discussing final decrees, vol. 4 (3rd ed.), says: "If the decree be not final (and it must be understood that it is *not properly a decree at all until the end of the term* at which it was pronounced, being until then in *fieri* and in the breast of the court)," etc. (Italics supplied.) *Clendenning* v. *Conrad*, 91 Va. 410, 21 S. E. 818; *Barker* v. *Swineford*, 97 Va. 112, 33 S. E. 542; 2nd Barton's Chan. Prac. (1st ed.), sec. 237.

The same doctrine is declared in the case of *Berlin* v. *Melhorn*, 75 Va. 639, and in *Langyher, Trustee* v. *Patterson & Bash*, 77 Va. 470, relied upon by the appellant in his petition.

Judge Burke, in the *Berlin Case*, said:

"We think that while it was in the power of the court at any time during the term to set aside the sale, this should not have been done under the circumstances, except upon good cause shown, and that the *mere* (though seemed) *offer of a larger price* by a *defaulting purchaser* was not good cause. The price at which

Melhorn purchased at the first sale was evidently more than the land was worth. This is stated by the commissioner in his report and therefore he recommended a confirmation of the sale." (Italics ours.)

In *Langher, Trustee* q. *Patterson & Bash*, 77 Va. 470, the decree of the lower court setting aside the order confirming the sale was reversed, but the upset bid of ten per cent was without security, no notice was given to the purchaser at the sale, and there was no inadequacy of price involved. The order annulling the decree of confirmation was made at the same term at which the confirmation order was entered. The Supreme Court, in disposing of the question and reversing the decree of the circuit court said:

"This we think it should not have done, *under the circumstances of this case*, for though it was within the discretion of the court, at any time during the term, to set aside the decree and rescind the sale, upon proper motion and notice to the purchaser and parties concerned, and for good cause shown, *such for instance as a sacrifice of the property*, yet it was in this case, so far as the record shows, not a sound, but apparently arbitrary, discretion which calls for appellate correction by this court." (Italics supplied.)

[4, 5] From these authorities, and from many others that might be cited to the same effect, it seems to us clear that the chancellor had ample authority during the October term, 1923, of his court to enter the order appealed from provided he exercised a sound judicial discretion in so doing. The determination of this question must turn largely upon the facts and circumstances surrounding each particular transaction. Where discretion is to be exercised no hard and fast rule can be announced applicable to ever changing conditions. What is a wise exercise of discretion depends upon the settings of each particular case.

Did the learned trial judge unwisely exercise his discretion in vacating the decree of October 3rd and directing a resale of the property?

[6, 7] In dealing with this question we are mindful of the necessity of giving such vitality to judicial sales properly conducted as will encourage purchasers to bid the high dollar, with the reasonable assurance of receiving the courts approval, and ultimately the possession of the property offered for sale. This we consider essential, if courts are to successfully dispose of property committed to their custody and control. It must be remembered, however, that the highest bidder at a judicial sale has only made an offer to the court to buy the property, and before this offer is made permanently effective and binding, it must receive the court's approval.

If, as is conceded in the argument of counsel for appellant, the court would have been within its discretionary power had it refused to enter the order of October 3rd confirming the sale; and if "it must be understood that it is not properly a decree at all until the end of the term at which it was pronounced, being until then in *fieri* and in the breast of the court" (4 Minor's Inst. *supra*), we see no reason why any peculiar sanctity should attach to an order which had been approved by a court and three days later set aside and annulled for reasons which appealed to the court as justifying such action. The purchaser of the property was presumed to know that the decree confirming the sale could be annulled during the term, and until the end thereof the assumption of ownership or expenditures upon the property were subject to that eventuality.

The decree appealed from is without error and is therefore affirmed.

*Affirmed.*