## Wytheville.

HUDSON TRANSPORTATION COMPANY, INC. v. L. A. McMURRAN, TRUSTEE, AND OTHERS.

June 16, 1927.

Absent, Prentis, P., and Burks, J.

1. JUDICIAL SALES—*Confirmation of Sale—Parties Acquiescing in Confirmation—Case at Bar.*—In the instant case, appellant was the highest bidder at a judicial sale but a decree was entered refusing to confirm this sale. The property was put up again and sold to another purchaser. This purchaser assigned its bid to appellant. The commissioners recommended the acceptance of the latter bid and a decree was entered accepting the bid.

   *Held:* That as appellant requested the court to enter the decree confirming the sale of the property to it as assignee of the subsequent purchaser, it could not be heard to say that the decree was erroneous.

2. JUDICIAL SALES—*Confirming or Refusing to Confirm Sale—Time of Appeal.*—Under section 6355 of the Code of 1919, an appeal from a decree refusing to confirm a judicial sale and ordering the resale of the property should be dismissed if the petition and record are not delivered to the clerk of the appellate court until more than six months after the entry of the decree refusing to confirm the sale.

3. FINAL JUDGMENTS AND DECREES—*Decree Refusing to Confirm a Judicial Sale and Ordering a Resale.*—A decree refusing to confirm a judicial sale because of inadequacy of the price and directing a resale is a final decree as to the right of the purchaser to take the property at its bid. It made a final determination of the purchaser's rights as a bidder at the sale and put an end to the controversy on this point. It is settled law in this jurisdiction that such a decree is a final decree as to bidders at judicial sales.

Appeal from a decree of the Corporation Court of the city of Newport News.

*Appeal dismissed.*

The opinion states the case.

*J. Carlton Hudson* and *Ernest Merrill*, for the plaintiff in error.

*Allan D. Jones, L. A. McMurran, R. M. Lett* and *J. Winston Read*, and *E. A. Bilisoly* and *Wm. C. L. Taliaferro*, for the defendant in error.

West, J., delivered the opinion of the court.

On September 15, 1922, E. C. Skinner & Company, Incorporated, conveyed to L. A. McMurran and J. H. Cook, trustees, certain hoisting machines and equipment, located in the harbor of the city of Newport News, Virginia, to secure the payment of certain obligations due by the grantor. There were also other liens upon the property.

In December, 1924, L. A. McMurran, trustee, filed a bill in the Corporation Court of the city of Newport News against all the creditors of E. C. Skinner & Company, Incorporated, and J. H. Cook, his cotrustee, asking that the liens on the property be ascertained, the property sold and the trust administered under the supervision of the court.

Pursuant to a decree entered in the cause, L. A. McMurran and J. H. Cook, trustees, offered the property for sale by public auction on July 8, 1925. Hudson Transportation Company, Incorporated, made the highest bid and the property was cried out to it at $9,025.00. In compliance with the terms of sale the Hudson Company deposited with the trustees a check for $2,500.00.

On July 13, 1925, the trustees received a letter from V. Cacace's Sons, putting in an upset bid of $11,000.00,

and enclosing a check for $2,750.00 as evidence of their good faith.

The trustees reported the facts to the court, without recommendation, and asked for instructions. On July 29, 1925, a decree was entered refusing to confirm the sale to Hudson Transportation Company at $9,025.00, because of inadequacy of price, and directing the trustees to return to it the check for $2,500.00; and directing commissioners to make a resale of the property at public auction, after proper advertisement, starting the sale with the upset bid of V. Cacace's Sons at $11,000.00. The property was sold on August 17, 1925, at public auction, to Independent Pier Company of Philadelphia, the highest bidder, at $11,580.00, and they paid the Commissioners $3,000.00 in cash. This bid was assigned to the Hudson Transportation Company, Incorporated.

The commissioners recommended the acceptance of the bid of $11,580.00, and on August 27, 1925, a decree was entered accepting the bid and directing the commissioners, upon the receipt of $8,580.00, to deliver to Hudson Transportation Company, assignee of Independent Pier Company, a proper bill of sale for the property.

On February 15, 1926, on the petition of Hudson Transportation Company, Incorporated, an appeal was allowed by one of the judges of this court.

[1] The allegations of the petition, insofar as they relate only to the decree of August 27, 1925, are an insufficient assignment of error under the statute. Besides, the Hudson Transportation Company, Incorporated, requested the court to enter the decree confirming the sale of the property to it as assignee of Independent Pier Company, at the bid of $11,580.00, and therefore cannot be heard to say it is erroneous.

The petition concludes: "For the foregoing reasons your petitioner is of the opinion that the court erred in refusing to confirm the sale to Hudson Transportation Company and in ordering a resale, and prays that an appeal and supersedeas may be awarded it."

[2, 3] Appellee contends that the appeal should be dismissed, because it was not allowed until more than six months after the entry of the decree of July 29, 1925, refusing to confirm the first bid of appellant and ordering a resale of the property.

We think the point is well taken. Beyond question, the decree of July 29, 1925, is a final decree as to the right of the appellant to take the property at its bid, and it is by this decree that it claims to be aggrieved. It made a final determination of appellant's rights as bidder at the sale, put an end to the controversy on this point, and, in effect, put appellant out of court. It is settled law in this jurisdiction that such a decree is a final decree as to bidders at judicial sales. *Todd* v. *Gallego Mills Mfg. Co.*, 84 Va. 586, 5 S. E. 676; *Hamilton* v. *Bowman*, 138 Va. 443, 122 S. E. 342; *Walker* v. *Smith*, 144 Va. 824, 130 S. E. 768; *Witt* v. *Witt's Ex'ors*, 146 Va. 256, 135 S. E. 681.

The second syllabus in *Todd* v. *Gallego Mills Mfg. Co.*, *supra*, reads: "From refusal to confirm sale and order for resale, any party may appeal * * *."

In *Hamilton* v. *Bowman*, 138 Va. 443, 122 S. E. 342, the appeal was, as in the instant case, from a decree refusing to confirm the sale of the property to the highest bidder and directing a resale thereof at public auction to begin with the upset bid of $16,830.00.

In *Walker* v. *Smith*, 144 Va. 824, 130 S. E. 768, the appeal was likewise from a decree refusing to confirm the sale to the highest bidder and ordering a resale,

starting the bidding at $2,000.00, the amount of the upset bid.

Code, section 6355, reads: "No process shall issue on an appeal, writ of error, or supersedeas, allowed to or from a final judgment, decree or order, if when the record with the petition required by section six thousand three hundred and thirty-nine, is delivered to the clerk of the appellate court there shall have elapsed six months since the date of such final judgment, decree or order, or three months if the decree appealed from was a decree refusing a bill of review to a final decree rendered more than six months prior thereto    *    *    *.''

It plainly appears from the record that the decree complained of was entered July 29, 1925, and that the petition and record were not filed with the clerk of the Supreme Court of Appeals until February 15, 1926, more than six months after July 29, 1925.

It follows that the appeal must be dismissed as improvidently awarded.

Appellant loses nothing by the dismissal of its appeal. The record shows that the decree of July 29, 1925, rejecting its bid of $9,025.00, is plainly right and should be affirmed.

*Appeal dismissed.*