## 𝔖taunton

Bailey L. Condrey, Attorney in Fact for the Heirs at Law of J. S. Childress, Deceased v. Floyd S. Childress and Floyd S. Childress, Jr.

August 31, 1962.

Record No. 5470.

Present, All the Justices.

*Kenneth I. Devore* and *Jay A. Price*, for the plaintiff in error.

*Arthur E. Smith; Evans B. Jessee; Carrol D. Rea; W. S. Roop; Allen Sowder*, for the defendants in error.

Spratley, J., delivered the opinion of the court.

Floyd S. Childress and Floyd S. Childress, Jr., appellees, have moved to dismiss the writ of error granted in this case upon the ground that the record therein was not delivered to the Clerk of this Court at Richmond or Staunton or presented to a Justice within four months from the date of the final judgment of the trial court. Code of Virginia, 1950, § 8-489; Rule of Court 5:4.

Final judgment in this case, an action of unlawful detainer, was entered by the trial court on July 10, 1961. Within sixty days thereafter, on September 6, 1961, appellant filed with the clerk of the trial court his notice of appeal and assignments of error. Rule of Court 5:1, § 4. A transcript of the evidence was duly certified by the trial court and delivered to the clerk. Rule of Court 5:1, § 3 (f), (e).

On October 17, twenty-four days before the expiration of four months after date of the final judgment, appellant filed with the clerk of the trial court his designation of the parts of the record that he wished to be printed. Attached to the designation was a notice to the clerk to transmit the record to the Clerk of this Court, "as provided by law."

On November 10, 1961, the last day of the four months period following the date of final judgment, appellant filed with the Clerk of this Court his petition for a writ of error. On November 27, 1961, four months and seventeen days after the entry of final judgment, the record was received by the Clerk of this Court. Prior thereto, on November 21, 1961, appellees filed a brief in opposition to the granting of a writ of error, in which no mention was made of any delay in the transmission of the record.

We granted writ of error on February 28, 1962. The motion to dismiss the writ was made on March 13, 1962.

Section 8-463 of the Code of 1950, requires the petition for appeal to be presented within four months of final judgment, and § 8-489, so far as material here, provides that:

"No process shall issue upon an appeal, writ of error, or supersedeas allowed to or from a final judgment, decree or order of any court * * *, if, when *the record with the petition* required by law is delivered to the clerk of the Supreme Court of Appeals, there shall have elapsed four months since the date of such final judgment, decree, order or finding, * * *.

"The appeal, writ of error or supersedeas shall be dismissed whenever it appears that four months, * * * has elapsed since the date of such final judgment, decree, order, finding or award, before *the record, with such petition,* is delivered to such clerk, * * *." (Emphasis added.)

Rule of Court 5:1, § 7 provides: "After the appellant has filed his designation of the parts of the record to be printed, the record shall remain in the clerk's office for twenty days and thereafter until counsel for appellant notifies the clerk to transmit it; and the clerk

shall then transmit it with the designations of the parts to be printed to the clerk of this Court at Richmond or Staunton or to any Justice of this Court, as requested by counsel for appellant. But the clerk shall transmit them sooner if requested by all counsel."

Rule of Court 5:4 provides that: "The *petition for appeal and the record shall be filed* with the clerk of this Court at Richmond or Staunton or presented to a Justice *within the time allowed by statute for presenting a petition for appeal.* The petition shall be filed with the clerk of this Court or presented to the Justice to whom the record is transmitted. * * *." (Emphasis added.)

Thus, in clear, simple and concise language it is provided that the record, together with the petition for appeal, must be physically in the Clerk's Office of this Court, or in the hands of a Justice, within four months next following the day on which the judgment appealed from was entered. The provision is an express limitation, a mandatory and jurisdictional requirement which cannot be waived. *Hudson Transportation Co.* v. *McMurran,* 148 Va. 231, 235, 138 S. E. 470; *Skeens* v. *Commonwealth,* 192 Va. 200, 64 S. E. 2d 764; *Avery* v. *County School Board,* 192 Va. 329, 335, 64 S. E. 2d 767, 771; *Lawrence* v. *Nelson,* 200 Va. 597, 106 S. E. 2d 618; *Luhring* v. *Finley, Inc.,* 202 Va. 260, 117 S. E. 2d 126.

Cf. *Andrews, Executrix* v. *Cahoon,* 196 Va. 790, 86 S. E. 2d 173*.

Our rules of appellate procedure are simple, brief and expressed in unambiguous language, and "compliance with them is necessary for the orderly, fair and expeditious administration of justice." *Lawrence* v. *Nelson,* 200 Va., *supra,* at page 598.

Appellant asks us to waive the failure to transmit the record within the time required on the ground that such failure was wholly due to the fault of the clerk. He asserts that a denial of the writ of error would deprive him of a fair hearing and his property rights. The answer is that the transmission of the record within the required time is of the essence of the right of appeal, a mandatory and jurisdictional requirement.

It is plainly the duty of a clerk, upon receiving due notice, to transmit the record in compliance with Rule of Court 5:1, § 7. It is also the responsibility of counsel for appellant, when he files a petition to inform himself whether or not the record has been transmitted by the clerk of the trial court. A full and fair consideration by this Court, or a Justice, of the merits of a petition requires the

*See note on "Appellate Procedure in Virginia under the Rules of Court," by Aubrey Russell Bowles, Jr., 44 Va. Law Review, pages 475 *et seq.* (April, 1958).

physical delivery of both the petition and the record within four months after the date of final judgment.

We have repeatedly held upon the presentation of petitions for appeals and writs of error that the failure to present the petition and the record within the time provided by statute and our Rules is fatal. That the failure may have been due to the fault of the clerk of a trial court, or to inadvertence of counsel, cannot be allowed to nullify the mandatory requirement. A variance from, or denial of, the provisions of Code, § 8-489 and Rule 5:4 would create confusion and uncertainty in our appellate procedure.

The motion to dismiss the writ is sustained.

*Writ dismissed.*