## Richmond.

### GARDNER ET ALS. V. STRATTON'S ADM'R ET AL.

April 20th, 1893.

WILLS—*Final Decree—Res judicata.*—Testator willed property to his daughter for life, remainder to her children. She died, her husband and four children surviving, two of whom died under age and childless. In a suit, to which the father and two children were parties, the circuit court, in 1885, adjudged that the surviving children took the shares of the deceased children, and that the father had no interest in the land. The decree remains unreversed. In 1889 a suit (by his creditor) was brought to set aside (for alleged fraud) trust deeds made after that decree, and to subject the moiety inherited from his deceased children. The circuit court decreed in favor of the complainants. On appeal,

HELD:

> The decree of 1885 was final as to the father, though not as to the infant children, and the question as to his having no interest in the moiety was *res adjudicata;* and that, there being no proof of the alleged fraud, the trust deeds could not be assailed, whether that decree were erroneous or not.

Appeal from decree of the circuit court of Nelson county, pronounced at March term thereof, 1891, in the chancery cause wherein M. K. Estes, administrator of C. A. Stratton, deceased, was plaintiff, and F. K. N. Gardner, C. H. Walpole and Anna M., his wife, who was, before marriage with said Walpole, Anna M. Gardner, and J. R. Peebles, trustee, and Ernest Macklen were defendants.

The material facts are these : Some time in the year 1863 F. K. Nelson, of Albemarle county, the grandfather of said F. K. N. Gardner and Anna M. Walpole, departed this life testate, leaving a widow, Margaret D. Nelson, and an only child, Isabella C., the wife of Dr. John F. Gardner, who had

some years previous to the death of her father, and very much against his will, intermarried with said Gardner.

The testator, F. K. Nelson, died seized and possessed of a very considerable estate, consisting of lands, negro slaves, bonds, stocks, &c. After, by the 1st clause of his will, providing for the payment of his debts, the testator, by the 2d clause thereof, makes ample provision for his wife. By the 4th, 5th, 6th, 7th, 9th, and 10th items of his will the testator makes certain bequests to relatives and friends; but these have no bearing upon the question in hand. Subsequent to the making and publishing of his will, which is dated 10th day of February, 1862, the testator made several codicils thereto, the first of which is dated the 8th day of May, 1862, containing four items, the 3d item alone having any bearing upon the question here involved; no item in either of the later codicils having any bearing whatever upon the question here involved. We have to deal only with the 3d item of the testator's will, in the light of the language used therein, taken in connection with the language of the 8th item of the will and that of the said 3d item of the codicil dated 8th of May, 1862; and these are as follows :

Item 3d. "I give and bequeath to my daughter, Isabella C. Gardner, for her own proper and separate use, my plantation in Nelson county, purchased of W. C. Rives, and containing now about seven hundred and ten acres, with all the stock, cattle, and plantation utensils, crops, &c., that may be on said place at my decease; together with the following slaves— to-wit, Young, Edmond, Edgar, Jefferson, Robin, Henry, Susan and her children, present and future, and Martha and her future increase, George, Rosetta and her children, present and future; and I expressly design all the property embraced in this item, real and personal, for the separate use and benefit of my daughter and her children or descendants, free from the control of her husband and from any liability for his

debts, or any which he may hereafter contract. I hereby appoint my friends, N. H. Massie and Thomas J. Randolph, Jr., trustees, to hold said property for said use and purpose and no other."

Item 3d of Codicil: "In the 3d clause of my said will I devise certain property, real and personal, in trust for my daughter, Isabella, and at her death the said trust to continue for her children or descendants until they reach twenty-one; but as, under changing circumstances, it may become necessary and desirable for the interest and comfort of my said daughter and children to sell the said property, either in whole or in part, and invest the proceeds otherwise, I now hereby authorize and empower my said ex'ors to sell and convey any or all of said property, real or personal, at their discretion; provided that during my said daughter's lifetime such sale shall require her written consent to be valid, she uniting separately from her husband in any conveyance. I also appoint said ex'ors testamentary guardians for my said daughter's children should they be minors at the death of their mother."

Item 8th of Will: "Inasmuch as some of the negroes left in trust to my daughter are intermarried with those left to my wife, I authorize the trustees above named to make any equitable and fair exchange which may, in their discretion, seem necessary to prevent separation of husband and wife. This is discretionary. I also would like my man, Young, to have the privilege of being hired near his wife, if he desires it."

At the date of said will and codicils, at the death of the testator, and at the time of the probate of said will and codicils, the said John F. Gardner and his wife, the said Isabella C., were both living, and they had, as the issue of their marriage, four living children—namely, Susan R. S. Gardner, Isabella A. Gardner, Anna M. Gardner, now Anna M. Walpole, wife of said C. H. Walpole, and the said F. K. N. Gardner—all of whom survived their mother, the said Isabella C.

Gardner, who died in 1863, not very long after the death of her father, the said testator, F. K. Nelson.   Two of said four children—to-wit, Susan R. S. Gardner and Isabella A. Gardner—died in 1877, unmarried, and before having reached the age of twenty-one years.

At the time of the death of his wife, the said Isabella Ö., the said John F. Gardner was living on the plantation devised to her by her father, in trust, as aforesaid, and having, about the year 1866, married a second wife, he has, with little interruption, continued to live there, and, by his second wife, has raised a family of children on that place ; but has never in any way asserted any claim to any interest in said land, either by heirship from his said two deceased children, or otherwise ; but, on the contrary, so far as shown by the record, he has uniformly disclaimed being the owner of any such interest.

F. K. N. Gardner and his sister, Anna M. Walpole, claiming that, inasmuch as their mother, the said Isabella C. Gardner, died intestate, the whole of said land passed by descent to her said four children, and that, on the death of the said two, their interests passed by descent to them, the surviving children under, § 2556, Code of 1887, (the same as § —, ch. —, Code 1860,) which provides : " If an infant die without issue, having title to real estate derived by gift, devise, or descent from one of his parents, the whole of it shall descend and pass to his kindred on the side of that parent from whom it was so derived " ; and being desirous to have said will construed and the said land partitioned among those entitled thereto, they, the said F. K. N. Gardner and Anna M. Walpole—consulted counsel, who advised them that they were entitled to the whole of said land, but at the same time advised them that, inasmuch as a question might possibly some day arise touching the title of said John F. Gardner to part of said land, it would be better to bring a suit, make said John F. Gardner a party, and have the will construed and the property divided among those entitled thereto.

Accordingly, in January, 1885, a suit in chancery was brought in the circuit court of Nelson county, by F. K. N. Gardner, plaintiff, against C. H. Walpole and Anna M., his wife; John F. Gardner and Alice W., his wife, defendants, to have said testator's will construed, and to have said land partitioned among those entitled. The plaintiff exhibited with and as part of his bill a copy of said testator's will, especially calls the attention of the court to said 3d clause of the will, and to said 3d clause of the first codicil thereto, states his belief that the property is susceptible of division in kind among those entitled thereto, but asks that, in the event it cannot be so divided, it be sold and the proceeds divided; and further states: "Your orator is advised that his mother, the said Isabella C. Gardner, under the will of his said grandfather, took only a life estate in the said property, and that his father, the said John F. Gardner, is not entitled to *curtesy* therein, and that the shares of his deceased sisters, the said Susan and Belle Gardner, pass, under the statute of descents and distribution, to your orator and the said Anna M. Walpole."

Neither of the defendants answered, and the bill was taken for confessed as to each and all of them; and at the March term, 1885, of said circuit court, the cause brought on to hearing, and a decree therein as follows:

"This cause, having been regularly matured and set for hearing at rules in the clerk's office, on the *subpœnas* returned duly executed and the bill taken for confessed, came on to be heard upon the plaintiff's bill as taken for confessed, *subpœnas* so returned duly executed, with exhibits filed, and was argued by counsel.

"On consideration whereof, the court doth adjudge, order, and decree that C. J. Cabell, C. W. Mosby, G. F. Simpson, R. K. Campbell, and B. T. Gordon be appointed commissioners, who, or any three of them, being first duly sworn, do

make equal and fair partition in severalty of the tract of land in the bill mentioned, between the complainant, F. K. N. Gardner, and the defendant, Anna M. Walpole, wife of the said C. H. Walpole, who are children of the said Isabella C. Gardner, deceased, and devisees of the said Frank K. Nelson, deceased; and thè said commissioners are directed to have due regard, in their partition of the said tract of land, to wood, water, improvements, quality and quantity, describing said partition by metes and bounds with precision, and report their proceedings in pursuance of this decree to the next term of this court."

And at a special term of said circuit court—to-wit, on the —— day of June, 1886—the cause came on again to be heard, when the following was entered:

" This cause came on this day to be heard upon the papers formerly read, and was argued by counsel. On consideration whereof, and it appearing to the court that the commissioners appointed by decree in this cause at the March term, 1885, of this court, to make partition of the tract of land in the bill and proceedings mentioned, have not executed said order, the court doth revoke their powers as such commissioners, and doth appoint in their room and stead Miles T. Shipman, E. F. Wilson, R. K. Bibb, W. D. Ligon, and Solomon Rosenburg, any three of whom may act, and whose duty it shall be, being first duly sworn, to execute the said order of the March term, 1885, and make report to this court."

Such are all the steps taken in said partition suit. The last order seems never to have been executed, and the cause was pending in said circuit court when the present suit was commenced therein, and is still pending.

After said decree of partition, rendered in said suit of *Gardner* v. *Walpole et als.*, at the March term, 1885, of said circuit court, F. K. N. Gardner, by deed dated on the 1st day of June, 1885, conveyed to J. R. Peebles, trustee, one undivided

moiety of said tract of land, in trust, to secure to Ernest Macklen the payment of five hundred dollars, evidenced by the bond of said Gardner to said Macklen of even date with said trust deed.

On the 1st day of July, 1885, C. H. Walpole and Anna M., his wife, by deed conveyed " their entire interest (supposed to be one moiety) " in said tract of land, to J. R. Peebles, trustee, to secure to Ernest Macklen a bond for $500, executed by said C. H. Walpole and Anna M. Walpole to said Macklen, and of even date with said trust deed.

And on the 8th day of August, 1887, the said Walpole and wife conveyed to said J. R. Peebles, trustee, by another deed, *one moiety* of said tract of land, in trust, to secure to said Macklen the further sum of $400, evidenced by their joint bond to said Macklen of even date with said last-named trust deed.

By deed dated September 15th, 1888, John F. Gardner, the father, and Alice W., his second wife, for and in consideration of the sum of $433.73, conveyed to his children, the said F. K. N. Gardner and Anna M. Walpole, all their interest in said tract of land; and, a few days thereafter—to-wit, at the September term, 1888—M. K. Estes, sheriff of Nelson county, and as such administrator of C. A. Stratton, deceased, plaintiff, recovered a judgment at law against said J. F. Gardner, defendant, in said circuit court, for $417.73, with interest thereon from the 1st day of March, 1878, and $7.75 costs. The action in which this judgment was recovered was pending when said deed was made from said J. F. Gardner and wife to said F. K. N. Gardner and Anna M. Walpole.

At the February rules, 1889, M. K. Estes, sheriff as afore said, and as such administrator of C. A. Stratton, deceased, filed his bill in said circuit court, against said John F. Gardner, C. H. Walpole and Anna M., his wife, and F. K. N. Gardner, setting forth substantially the facts above stated,

except the said partition suit and the proceeding had therein, and the said trust deeds to secure said Ernest Macklen. The object of the suit was to set aside the said deed of September 15th, 1888, from John F. Gardner and wife to F. K. N. Gardner and Anna M. Walpole, because, as alleged and charged in the bill, the same was made to hinder, delay, and defraud the creditors of said John F. Gardner, and especially the plaintiff's intestate ; and to subject one undivided moiety of the tract of land in question, as the property of said John F. Gardner, to the satisfaction of the plaintiff's said judgment, and calling for answers, but waiving answers under oath.

John F. Gardner answered the bill, denying that he ever had, or ever claimed to have or own, any interest in the land in question, or that the same is in any way liable to his debts; and that, having no interest in the matter, and no rights to defend, he did not feel called upon to incur the useless expense of appearing in said partition suit; and he denies that he confederated with the other parties to said suit, and permitted the decree for partition therein to go by default, with the view of defrauding his creditors, &c. He also denies that the deed of September 15th, 1888, from him to his said children, F. K. N. Gardner and Anna M. Walpole, was made to defraud his creditors.

F. K. N. Gardner and C. H. Walpole and Anna M., his wife, demurred to and filed their joint and separate answer to the bill. In their answer, after admitting the recovery of the judgment by Stratton, as set forth in the bill, and saying that they know nothing of the consideration of the bond upon which said judgment was recovered, they further say : That the deed from John F. Gardner to said F. K. N. Gardner and Anna M. Walpole was founded upon valuable and sufficient consideration, and that their co-defendant, John F. Gardner, the grantor in said deed, owed them three or four times the amount of the consideration mentioned in the deed ;

that they, the respondents, F. K. N. Gardner and Anna M. Walpole, had supported their father, his present wife, and children almost entirely, and that this additional consideration was not mentioned in the deed, because they believed that the consideration of $433.73 named therein, was ample and sufficient for any possible contingent interest of their father, the said John F. Gardner, in said tract of land, the said sum of $443.73 being money actually loaned by them to their father.    Then, after setting forth that they did not believe that the said John F. Gardner had an interest in said land equal to the consideration mentioned in said deed, or that he had any interest therein, they aver that, believing they owned said tract of land, they borrowed from Ernest Macklen a large sum of money, and secured the payment thereof to him by the trust deeds on said land before referred to.

They further set forth said partition suit of *Gardner* v. *Walpole, &c.*, to which said John F. Gardner was a party, and duly served with process, and state that he did not appear and answer, but, to the contrary, disclaimed all interest in said land.    And they insist that the decree for partition in said suit confirmed to them the title to the entire tract of land, to the exclusion of any interest therein of their father, the said John F. Gardner, and that said decree is final and binding as to said John F. Gardner.    And they especially deny all confederacy and fraud, as charged in the bill.

The cause, having been regularly matured, was brought on and heard at the April term, 1891, of said circuit court, on the bill of the complainant, and the exhibits therewith filed; the demurrer and answer of F. K. N. Gardner and C. H. Walpole and Anna M. Walpole, his wife; the answer of John F. Gardner, with general replication to said answers, and was argued by counsel; when the court entered the following decree :

" On consideration whereof, and without passing upon any other question raised by said answers, the cause having been submitted by the parties for decision by the court of the question hereinafter passed upon only, the court is of opinion, and doth decide, that upon the death of their mother, Isabella C. Gardner, her four children were the owners in fee simple of the ' Meadow Brook ' farm in the bill and proceedings mentioned, and that, upon the subsequent death of two of said children—namely, Susan R. S. Gardner and Isabella A. Gardner—albeit neither of them had attained the age of twenty-one years, their interest in said ' Meadow Brook ' farm passed under the statute of descents, and vested in the said John F. Gardner, their father, in fee, and became liable for his debts. Therefore the court doth overrule the said demurrer of the defendants, F. K. N. Gardner, C. H. Walpole, and Anna M. Walpole. And, on motion of the complainant, he hath leave to file an amended bill herein at rules, if he shall be so advised." And the cause was continued.

At the August rules, 1890, the plaintiff filed his amended bill, in which, after setting forth substantially the matters contained in his original bill, he alleges the fact that in their answer to his original bill the defendants rely upon the proceedings had in said partition suit of *Gardner* v. *Walpole et al.*, and that in their said answers pointed out and relied upon the further fact that F. K. N. Gardner and the said Walpole and wife had executed the trust deeds aforesaid to secure to said Ernest Macklen the sums of money therein mentioned ; and further alleges that at the time of filing his original bill the plaintiff was not aware of the existence of said partition suit, or the proceedings therein, nor of the existence of said trust deeds. And in his amended bill he charges that, although the said John F. Gardner was made a party to said partition suit, he made no defense thereto, but suffered a decree of partition of the said " Meadow Brook "

farm between the said F. K. N. Gardner and Anna M. Walpole to go by default, " without so much as calling the court's attention to the fact that under the will of their grandfather the said F. K. N. Gardner and Anna M. Walpole were not entitled to the share of their two deceased sisters, whose shares, upon their death, vested in him, the said John F. Gardner, their father."

That the debt due to the plaintiff's intestate was contracted, and the bond therefor executed, long before the institution of said partition suit; that the right of his said intestate as a creditor of the said John F. Gardner was a *pre-existing* one as regards said partition suit or any right thereby acquired or claimed by the said F. K. N. Gardner and Anna M. Walpole, or suffered therein by the said John F. Gardner.    And the amended bill further charges that the proceedings in said partition suit were had and suffered by the parties thereto for the purpose of hindering, delaying, and defrauding the existing creditors of the said John F. Gardner, of whom the said plaintiff's intestate was one, and that he is advised that he has the right to impeach said proceedings when they are sought to be used to his injury.

John F. Gardner answered the amended bill, denying all fraud with respect to said partition suit.    F. K. N. Gardner and Walpole and wife also answered to the same effect, and call attention to the object of the partition suit, as disclosed by the bill therein, and they insist that they are protected by the decree therein.

On the 8th day of April, 1891, the cause came on again, and was heard on the papers formerly read; upon the amended bill and exhibits therewith filed; the answers of John F. Gardner, F. K. N. Gardner, and C. H. Walpole and Anna M. Walpole, his wife, and Ernest Macklen; upon general replication to each of said answers; the deposition of F. K. N. Gardner, taken in behalf of the defendants, and the affidavit of John Page, made

in the same behalf, and agreed to be treated as his deposition, &c. ; and upon the waiver in open court, by all the parties, of any question or questions that might be raised by reason of the fact that N. H. Massie and Thomas J. Randolph, Jr., their personal representatives or successors as trustees of Isabella C. Gardner and her children, under the will of F. K. Nelson, deceased, are not parties to this suit ; upon the record and proceedings in the partition suit of *F. K. N. Gardner* v. *C. H. Walpole and Wife, &c.*, which is pending in said court, and is referred to in the pleadings in this cause, &c. ; when the following very remarkable decree was rendered—to-wit :

" On consideration whereof, the court doth now re-affirm its decision and decree herein at the March term, 1890, touching the construction of the will of F. K. Nelson, deceased, and is of opinion, and doth decide, that, although the deed of September 15th, 1888, from John F. Gardner to his children, F. K. N. Gardner and Anna M. Walpole, whereby he conveyed to them his interest in the ' Meadow Brook' tract of land, in consideration of the sum of $433.73, was not made with intent to defraud the plaintiff, yet that it was manifestly made under a mutual mistake and total misapprehension of the rights of the said John F. Gardner in said tract of land, and for a grossly inadequate consideration ; and that, while said deed, under the circumstances, ought to stand as security for the consideration therein named, with interest thereon from the date of said deed until paid, it ought not to stand as an absolute conveyance of the said John F. Gardner's moiety in said tract of land, as against the plaintiff, who was a pre-existing creditor.

" And the court is further of opinion, and doth decide, that the proceedings had in the said partition suit were and are wholly interlocutory, and as yet inchoate ; that the said John F. Gardner is not concluded by said proceedings from asserting therein his right to the moiety of said tract of land,

which devolved upon him upon the death of his two deceased children, and, in case he declines or refuses to do so (as he does do), that his pre-existing creditor may assert such right, for the purpose of charging his said moiety with his debt against him.

"And the court is further of opinion, and doth decide, that the said John F. Gardner's moiety interest in said 'Meadow Brook' tract of land is subject to the lien of the plaintiff's judgment, and that said judgment is, as to said moiety, paramount to either and all of the deeds of trust given by the defendants, F. K. N. Gardner and C. H. Walpole and Anna M. Walpole, his wife, for the benefit of the defendant, Ernest Macklen, but is subordinate to the lien upon said moiety in favor of F. K. N. Gardner and Anna M. Walpole, for the sum of $433.73, named in said John F. Gardner's deed to them, dated September 15th, 1888, with interest from that time until paid ; but that the said lien in their favor must enure to the benefit of said Ernest Macklen, as between him and them—that is to say, while the said Macklen's deeds of trust are subordinate to the lien of the plaintiff's judgment *quoad* the said John F. Gardner's moiety in 'Meadow Brook,' yet the said deeds of trust, being superior to the said lien thereon in favor of the said F. K. N. Gardner and Anna M. Walpole, which is superior to the lien of said judgment, have incidental priority, to the extent of said lien in favor of F. K. N. Gardner and Anna M. Walpole, over the plaintiff's said judgment.

"And the court proceeding to fix the rights of the parties in conformity with the foregoing views, doth adjudge, order, and decree that the undivided moiety of John F. Gardner in the said 'Meadow Brook' tract of land is liable to the following liens, and in the following order of priority :

"I. The lien for the sum of $433.73, with interest from

September 15th, 1888, till paid, which must be paid to the said Ernest Macklen; $275, part thereof, with interest from September 15th, 1888, when paid to be credited on the deed of trust debt due from F. K. N. Gardner to the said Ernest Macklen, and the residue, when paid, to be a credit on the first deed of trust debt due from Anna M. Walpole and her husband to said Ernest Macklen.

" II. The plaintiff's judgment for $417.73, with interest from March 1st, 1878, until paid, and $7.75 costs ; and

" III. The deeds of trust in favor of said Ernest Macklen ; that given by F. K. N. Gardner (the interest on which, it appears, has been paid up to June 1st, 1890,) to be a lien on a half interest in the said John F. Gardner's moiety, and those given by Anna M. Walpole and her husband (no part of which *have* been paid, so far as appears,) to be a lien on the other half interest in the said John F. Gardner's moiety."

And the decree appoints commissioners to make sale of said land unless said sums be paid in sixty days from the rising of the court, &c. And from this decree the case is here on appeal.

*Rutherfoord & Page*, for appellants.

*Caskie & Coleman*, for appellees.

RICHARDSON, J., (after stating the case,) delivered the opinion of the court.

The bill and amended bill, taken as one, directly assail both the proceedings had in the partition suit of *Gardner* v. *Walpole*, *&c.*, and the deed of September 15th, 1888, as had and done for the purpose of hindering, delaying, and defrauding creditors, and especially the appellee's intestate. In fact, the bill is painfully pregnant with oft-repeated charges of

fraud, each and all of which are mere figments of the imagination. There is absolutely not a single fact or circumstance disclosed by the record which seriously tends to raise even a suspicion of fraud, but there is much to the contrary. Nor is a single witness introduced to prove any fraud. It is simply far-fetched inference, and nothing more.

The question of fraud being thus out of the way, the case lies within a very narrow compass, and may be briefly disposed of.

In the partition suit of *Gardner* v. *Walpole* it was admitted in the pleadings that, under the will of her father, Mrs. Gardner took only a life estate. Assuming, without deciding, that this view is in accordance with the true construction of the will, the only question necessary to be considered is, whether John F. Gardner has any interest in the land which can be subjected in this suit to the appellee's judgment.

The appellee contends that, by the will, a life estate was devised to Mrs. Gardner, with remainder to her children, and, consequently, that the interests of her two children, who died under age, without issue, passed to their father, the said John F. Gardner. But we are of opinion that, so far as the interest of the latter is concerned, no question as to the construction of the will can arise in this suit. That matter has been determined, and, for the purposes of the present case, *finally* determined, in the partition suit above mentioned.

The object of the bill in that suit, as the appellants insist, and as the bill on its face shows, was two-fold—to-wit, (1) to obtain a construction of the will, and (2) to have the land divided among the two surviving children as " the parties entitled thereto." And in that suit the circuit court, in effect, decreed that the parties entitled, as *devisees* under the will, were the said surviving children, and ordered partition accordingly. To that suit John F. Gardner was a party, and is consequently bound by the decrees therein, from which no appeal has ever been taken.

It is contended, however, that the doctrine of *res judicata* has no application, because the decree of partition was not a final decree.   But as to John F. Gardner the decree was final, though not as to the other parties.   It settled the question that he had no interest in the land, and that was the only question in which he was concerned.   This court has repeatedly decided that a decree may be final as to one party, and not as to another, depending upon the circumstances of the case.   *Royall* v. *Johnson*, 1 Rand. 421 ; *Noel* v. *Noel*, 86 Va. 109.

Whether the decree in said partition suit is right or wrong is a matter not now to be enquired in to, for, even if it were conceded to be erroneous, the result would be the same.   It is not only a final decree, but, having been rendered by a court of competent jurisdiction, with all the necessary parties before the court, it cannot, in the absence of fraud, be assailed, or its legal effect avoided.

It follows, therefore, that the land in question is not liable to the appellee's judgment ; that the decree appealed from is palpably erroneous ; that the same must be reversed and annulled, and a decree entered here dismissing the bill and amended bill.

DECREE REVERSED.