# Staunton,

## INTERNATIONAL HARVESTER COMPANY V. SMITH.

### September 13, 1906.

1. APPEAL AND ERROR—*Jurisdiction—Amount in Controversy—Debt Evidenced by Several Notes.*—Where a suit on a note for less than $300 involves the plaintiff's right to recover also on two other notes given for parts of the same debt as the note sued on and together with it amounting to more than $300, so that judgment in the suit would be decisive as to the plaintiff's rights with respect to a sum greater than $300, the amount in controversy is sufficient to give this court jurisdiction on writ of error.

2. SALES—*Delivery of Chattel Different from that Bought—Rights of Buyer.*—Where a new machine is purchased from an agent of the manufacturer, but, through fraud or mistake, an old machine is delivered in lieu of that bargained for, the purchaser may refuse to accept the machine delivered, and set up the failure of consideration as a defense to a suit on a note given for the purchase price.

Error to the Circuit Court of Pulaski county, in a proceeding by motion for a judgment. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

*J. C. Wysor,* for plaintiff in error.

*F. W. Morton* and *Thornton L. Massie,* for defendant in error.

KEITH, P., delivered the opinion of the court.

The International Harvester Company served notice on F. M. Smith that it would move the Circuit Court of Pulaski

county for a judgment against him for $183.00, with interest from October 1, 1904, the amount claimed to be due on a note payable on or before the first day of January, 1905.

To this notice, Smith pleaded that he owed the plaintiff nothing, and two special pleas, in the first of which he sets out that the note sued on was one of three notes given by him to the plaintiff as the purchase price of a certain corn harvester and shredding machine, bought by the defendant from the plaintiff; that it was expressly understood at the time of the purchase that the machine was new and first class, but that the plaintiff fraudulently sent and shipped to the defendant an old, worn-out, made-over and second-hand machine instead of the machine the defendant had ordered; and that by this false and fraudulent representation induced the defendant to execute his note to the plaintiff; that when the machine was delivered the defendant refused to accept, it appearing that it was old and second-hand in various particulars, which are set out in the plea.   By reason of these false representations the defendant claimed that he had been damaged to the amount of $550, which he offered to set off against the plaintiff's demand.

For further special plea the defendant says, after stating that the note was given as a part of the purchase price of the machine before described, which the plaintiff had represented as being in all respects a new machine and in first-class condition, that the plaintiff did not deliver to him the machine which he had agreed to purchase, but an old, second-hand machine, and that by reason of the premises the consideration for the note has wholly failed.

The note sued on was one of three notes of equal amount, falling due, respectively, at one, two and three years from their date.

There was a verdict and judgment for the defendant, to

which a writ of error has been allowed by one of the judges of this court.

The defendant in error insists that the plaintiff in error has no standing in this court because the sum stated in the notice is less than $300.00.

While the suit is upon a note for $183.00, it really involves the right to recover upon two other notes, together constituting. the purchase price of the machine valued at $550.00. In other words, the judgment here would be decisive as to the plaintiff's rights with respect to a sum greater than $300.00, which is the jurisdictional limit of this court. For a full discussion of the subject we refer to *Elliott* v. *Ashby,* 104 Va. 716, 52 S. E. at p. 383.

Along with the notes there was a warranty and agreement as follows: "International Harvester Company of America warrants this machine to be well made, of good material, and durable with proper care, and to do the work for which it is intended, when properly adjusted and operated (condition of fodder and corn considered). If upon one day's trial the machine should not work well, the purchaser must give immediate written notice to International Harvester Company of America at 7 Monroe street, Chicago, Ill., and to the local agent from whom the machine was purchased, stating wherein it fails to fill the warranty, and allow a reasonable time to send a person to put it in order. If it cannot then be made to work well, the purchaser must return it at once to the agent from whom he received it, and all cash, notes and securities received in settlement will be refunded, which, when done, shall constitute a settlement in full of the transaction. Three days' use of the machine, or continued possession of the same without written notice of its failure to work properly, shall be considered an acceptance of the same and a fulfillment of this

warranty, except as to broken or defective parts, as hereinafter provided."

It further appears from this agreement that the title to the machine did not pass from the company until the settlement was made and all conditions complied with; and, further, that all notes given in settlement constituted a lien on the machine until said notes were paid in full.

The note sued on was dated September 5, 1904, but the machine could not be subjected to trial until the corn had been cut and was ready to be husked and the fodder to be shredded, which did not occur until sometime in November.

It is plain that the defendant had, under the agreement and warranty, a right to make actual trial of the machine before he accepted it. If he used it three days, that was an acceptance, or if he continued in the possession of the same without written notice that it failed to work properly, that, under the warranty and agreement, constituted an acceptance.

Sometime about the middle of November Smith called upon Mr. Holloway, an agent of the plaintiff, to come and start the machine for him, and the machine being then carefully examined by Smith, various appearances were disclosed which satisfied him that the machine was an old, worn-out, and second-hand one. This appears from the testimony of several witnesses; and one of the witnesses for the plaintiff, after stating that he was a merchant residing in Wytheville and the transfer agent of the plaintiff, says that he received and receipted for the shredder as a new machine, and after stating that it looked like a new machine, and was a new machine, and that he had never stated to Smith that it was an old machine, concludes his testimony by saying that "the machine did not look like new or fresh; it looked as if it had been exposed to the elements; I won't state that it had not been used, but don't believe it had."

The evidence shows that Smith, at that time, complained to the agent of the Harvesting Company that the machine was an old one, and on January 16th he wrote a letter to Boyer, who had taken his order for the machine, as follows: "I hereby notify you to take corn shredder off of my place at once within ten days, or I will take it to Allisonia. It is not what I bought. It was to be a new machine, and this is not new. Mr. R. P. Johnson said that it was an old machine, and that is just what it is. So please take it away at once.

(Signed)    "F. M. Smith."

Upon this evidence the court instructed the jury as follows: "When the plaintiff contracted to sell and the defendant to purchase a corn shredder, there was an implied warranty that the shredder should be new, not second-hand, or worse for wear. Whether the shredder was new, or old and worn, is a question for the jury under all the evidence in the case. If the jury should believe from the evidence that the shredder delivered to the defendant was new and of medium quality and goodness, then they will find for the plaintiff. If the jury shall believe from the evidence that the machine was not a new one, but old and worn, then upon its delivery the purchaser had the right to pursue either of two courses: First, he had the right upon receiving the machine, or within a reasonable time thereafter, to return the machine to the seller, or to notify it that he refused to accept the same; second, he had the right to accept the machine and rely upon the breach of warranty.

"If the jury shall believe from the evidence the machine was an old one; that the defendant upon the delivery of the machine did not within a reasonable time, after opportunity to

inspect the machine, return the same, or notify the plaintiff that he would not receive it, then he will be held to have accepted the machine, but the jury may allow him as an offset in this case the difference between the actual value of the machine and what it would have been worth if it had been as warranted or represented."

It is a general rule of law that where there is an expressed warranty there can be no implied warranty except as to title; but the question presented by this record is not with respect to the fitness of the machine or its suitability for the purposes for which it was purchased, but turns upon the identity of the thing delivered with the thing purchased. It is conceded on all hands that the plaintiff intended to sell, and the defendant intended to buy, a new machine. The fact that he purchased of an agent of a manufacturer presupposes that he was buying a new machine. If, therefore, an old machine was by fraud or mistake put off upon the purchaser in lieu of that for which he had bargained, then the question presented is not one of breach of warranty for any defect of quality, but turns upon the right of the defendant to refuse to accept that which he did not purchase.

In this view of the case the evidence seems fully to justify the verdict of the jury, and the judgment upon it is affirmed.

*Affirmed*