# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## J. Mc. WITT, AND OTHERS v. J. W. WITT'S EXECUTOR, AND OTHERS.

### November 18, 1926.

1. APPEAL AND ERROR—*Time of Perfecting Appeal—Failure to File Appeal Bond—Case at Bar.*—In the instant case the decree appealed from was entered October 10, 1925. The petition for appeal was presented March 19, 1925. The appeal was promptly allowed and the record and petition were delivered to the clerk March 23rd; process promptly issued, but the requisite appeal bond was not executed until April 30, 1926. So the appeal was not perfected until more than six months after the date of the decree.

   *Held:* On motion to dismiss the appeal, that section 6355 of the Code of 1919, as amended, fixes the limitation at six months from the date of any final decree and is conclusive, if the decree appealed from was a final decree.

2. APPEAL AND ERROR—*Appeal Bond—Waiver—Acceptance of Service by Counsel—Case at Bar.*—In the instant case the appeal was not perfected by the execution of the appeal bond until more than six months after the date of the decree. It was claimed for appellant that section 6355 of the Code of 1919, as amended, was waived because attorneys for the appellees accepted "legal and timely" service of the writ issued by the clerk of the Supreme Court of Appeals.

   *Held:* That the appearance could not have been intended nor could have the effect of releasing appellants from perfecting the appeal by giving the requisite appeal bond within the six months required by the statute.

3. APPEAL AND ERROR—*Six Months Limitation—Interlocutory Decrees.*—If a decree is merely interlocutory and not final as to the appellants, then the six months limitation (Code of 1919, section 6355, as amended) is ir plicable. The converse of this is also true.

4. APPEAL AND ERROR—*Final Judgment and Decrees—Final as to One Party and not as to Another—Costs.*—While a decree cannot be in part final and in part interlocutory in the same cause for or against the same parties who remain in court, in Virginia it has often been decided that a decree may be final as to one party and not as to another. The mere fact that costs are not decreed against the losing party is immaterial.

5. APPEAL AND ERROR—*Final Judgments and Decrees—Final as to One Party and not as to Another—Case at Bar.*—In the instant case, a suit to construe a will and administer the estate, the only question at issue was whether complainants were entitled to the residuum of the estate as against defendants who were the brothers and sisters and children of a deceased sister of complainants. The only issue raised, in which defendants were interested, was whether complainants took the entire residuum, or whether defendants were entitled to participate therein. That issue was decided against the defendants definitely by the decree appealed from, and they had no further interest in the litigation. It was not a mere decision of the principles of the cause but of the rights of the appellants. While the estate had to be settled, the only relief they had asked for had been denied, and the only controversy to which they were parties was ended.

   *Held:* That the decree appealed from in the instant case was final as to appellants, defendants below.

Appeal from a decree of the Circuit Court of Nelson county. Decree for complainants. Defendants appeal.

*Appeal dismissed.*

The opinion states the case.

*J. T. Coleman, Jr., S. D. Timberlake, Jr.,* and *L. Grafton Tucker,* for the appellants.

*Whitehead & Whitehead* and *J. M. Perry,* for the appellees.

PRENTIS, P., delivered the opinion of the court.

S. W. Witt, as executor of John W. Witt, as well as in his own right, and Nora L. Witt, called Sadie Witt, instituted their suit against the other legatees and devisees named in the will of John W. Witt, deceased, and against his heirs at law and distributees. S. W. Witt and Nora L. Witt alleged that they alone took the residuum of the estate, under item four of the will,

and that the appellants were excluded from all participation therein. They also asked for a construction of the will, and that the estate be administered in the cause.

The appellants, who were the brothers and sisters of the complainants, together with the children of a deceased sister, answered the bill, denying that S. W. Witt and Nora L. Witt were alone entitled to the residuum of the estate, claimed that they were entitled to share therein, and submitted the question of the construction of the will to the court.

This presents the only contested question before the trial court.

Upon this issue depositions were taken, and the cause submitted. Responding thereto, the court fully construed the will, and the decree, as to the fourth item of the will, reads:

"And the court further construing the said will doth decide that the words 'my brother and sister,' used in the fourth clause of said will, refer to S. W. Witt, a brother, and Nora L. Witt, sometimes called Sadie L. Witt, a sister of the said J. W. Witt, and that the said S. W. Witt and the said Nora L. Witt, sometimes called Sadie L. Witt, are entitled in equal parts, absolutely and in fee simple, to the whole of the residue of the estate, real and personal, of the said J. W. Witt (they being alive at the date of the death of J. W. Witt), not specifically bequeathed to other persons in said will and in the codicils thereto; and doth adjudge, order and decree that the other brother of the said J. W. Witt, namely, J. Mc. Witt, and his other sisters, namely: Mattie V. Collins, Lillie W. Arnold, Alice D. Plunkett, and Mrs. J. B. Ellis, and the children of the late Mrs. Kate Hill, namely, Kate Duncan, Mary Sue Duncan, Sammie Wood, Fannie

Harris and Daisy Harris, are entitled to nothing under said will, except their respective portions of the household effects of the late J. W. Witt, referred to in the codicil to said will, which bears date of February 7, 1918; and doth further adjudge, order and decree that the said S. W. Witt and the said Nora L. Witt, sometimes called Sadie L. Witt, are the beneficiaries and persons, and the only beneficiaries and persons, referred to in the fourth clause of the said will of the said J. W. Witt.''

The decree concluded with a reference to a commissioner to take an account of the debts of the testator, with their priorities, of the assets which passed to the executor, and an account of his transactions. It is from this decree that this appeal is taken.

[1] It was entered October 10, 1925: The petition for appeal was presented March 19, 1925. The appeal was promptly allowed and the record and petition were delivered to the clerk March 23rd; process promptly issued, but the requisite appeal bond was not executed until April 30, 1926. So the appeal was not perfected until more than six months after the date of the decree. The appellees have moved to dismiss the appeal.

Code, section 6355, as amended by laws 1922, chapter 174, fixes this limitation at six months from the date of any final decree and is conclusive, if the decree appealed from was a final decree. *Yarborough v. Deshazo,* 7 Gratt. (48 Va.) 374; *Otterback* v. *Alexandria, etc., Ry. Co.,* 26 Gratt. (67 Va.) 940. This is conceded by the appellants' counsel, but it is claimed for the appellants that the statute is inapplicable for two reasons—first, because it has been waived, and, second, because while the decree is appealable it is interlocutory and not final.

[2] 1. The claim of waiver is based upon the fact that attorneys for the appellees accepted "legal and timely" service of the writ issued by the clerk of this court; and cite *Williamson* v. *Gayle*, 4 Gratt. (45 Va.) 180, in support of the contention.

A similar contention was denied in *Otterback* v. *Alexandria, etc., Ry. Co., supra,* in these words: "The appearance of counsel referred to was merely to have his name marked on the office docket of the court, as counsel for the defendant in error; and was not intended to be, and did not have the effect of being, a waiver of anything, except, perhaps, the necessity of service of process on his client, when such process could lawfully issue. Certainly it could not have been intended, nor could have the effect, in itself, to release the plaintiff in error from his obligation to give the supersedeas bond required by law."

With these expressions we agree.

[3] 2. The other contention is that the six months limitation does not apply because the decree appealed from is not final. We think this also has been definitely settled by previous decisions of this court. Certainly if the decree is merely interlocutory and not final as to these appellants, then the six months limitation is inapplicable. The converse of this is also true.

[4] In *Royall's Adm'rs* v. *Johnson,* 1 Rand. (22 Va.) 421, it is said that "when a decree is made as to one of several defendants, whose interests are not at all connected with each other, with a direction for the payment of costs as to that defendant, such decree is final as to him, although the cause may be still pending as to the rest."

In *Gardner* v. *Stratton's Adm'r,* 89 Va. 900, 17 S. E. 553, it was held that the decree was final as to Gardner, but not as to the other parties, because it deter-

mined that he had no interest in the land and that was the only question in which he was interested.

In *Jones* v. *Buckingham Slate Co.*, 116 Va. 120, 81 S. E. 28, a decree was held final as to Buckingham Slate Co., a stakeholder. It had brought money into court, which the court received, undertook to dispose of and entered a decree for costs, so that there was nothing further in the cause in which the Slate Company was interested. As to it the controversy was then and thereby decided and what remained to be done was merely in execution of the decree.

In *Johnson* v. *Merritt*, 125 Va. 181, 99 S. E. 785, and *Gills* v. *Gills*, 126 Va. 526, 101 S. E. 900, the same rule is recognized, and in 1 Hogg's Eq. Proc., section 569, it is said that "while a decree cannot be in part final and in part interlocutory in the same cause for or against the same parties who remain in court, in Virginia it has often been decided that a decree may be final as to one party and not as to another."

The mere fact that costs are not decreed against the losing party is immaterial. *Wallen* v. *Wallen*, 107 Va. 146, 57 S. E. 596.

The cases relied on by the appellants, in which certain decrees were held not to be final, are not inconsistent with those already cited. They are *Jameson* v. *Jameson*, 86 Va. 51, 9 S. E. 480, 3 L. R. A. 773, in which a decree adjudging a party entitled to one-third of a legacy was held interlocutory and not final; the reason for this being that while it adjudicated her right, it failed to grant her the relief prayed for. This required another decree directing the collection of the fund and the payment of her legacy. So, in *Southern Ry. Co.* v. *Glenn*, 98 Va. 309, 36 S. E. 395, where an account showing a balance due from a trust estate

was confirmed, but there was no judgment or other disposition of the matter, this decree was held to be interlocutory. In *Richardson* v. *Gardner*, 128 Va. 676, 105 S. E. 225, the decree in question, while it settled the principles of the cause, was held not to be final as to the parties who were interested in the proceeds of lands directed to be sold, because the court still had to direct the distribution of the proceeds of sale, confirm the reports of sales and exercise other judicial functions in which all of the parties were interested.

In *Lee* v. *Lee*, 142 Va. 244, 128 S. E. 524, the decree which was held to be interlocutory was a judgment on a plea, but it did not end the case as to that defendant, but required him to answer the bill, and it was said that while a decree could be final as to one party and not as to another, it could not be final as to any party who is not put out of the cause.

[5] It is frequently difficult to determine when a decree is final, and some nice distinctions have been sometimes drawn, but under the pleadings and facts here shown, we are clear in our view that the decree appealed from is final as to these appellants. The only issue raised in which they were interested was whether S. W. Witt and Nora L. Witt took the entire residuum, or whether the appellants were also entitled to participate therein. That issue was decided against the appellants definitely, and they had no further interest in the litigation. It was not a mere decision of the principles of the cause but of the rights of the appellants. While the estate had to be settled, the only relief they had asked for had been denied, and the only controversy to which they were parties was ended. In effect, they were put out of the cause, and the court could do nothing more either for or against their interests. It is said that they were in-

terested in the solvency of the estate, at least to the
extent of enabling them to determine whether or not
it would be worth while to appeal, but this considera-
tion does not change the character of the decree or
make it interlocutory.

Our conclusion, then, is to sustain the motion to
dismiss the appeal because it is barred by the six
months limitation.

It may not be amiss to say that even if we had
jurisdiction to review the decree, the result would be
the same, for we should affirm it.

*Appeal dismissed.*