# Richmond

## W. H. CAPELL V. GEORGIA LEE CAPELL.

March 14, 1935.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Chinn, JJ.

The opinion states the case.

*James G. Martin* and *Tom E. Gilman,* for the plaintiff in error.

*Robert B. Albertson* and *William G. Maupin,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

Under review here is this verdict of the jury affirmed by the trial court: "We the jury find for the plaintiff and fix the damages at $90 with interest on $45 from March 15, 1934, and upon $45 from April 15, 1934, until paid."

These two items of $45 each are monthly installments of alimony due under a modified decree of the trial court, modified by an agreement *in pais* which it has in substance adopted. The manner of its adoption and the facts out of which it grew are set out in an opinion under the style of *W. H. Capell* v. *Georgia Lee Capell, ante,* page 45, 178 S. E. 894, this day delivered. We shall not undertake to restate here the facts stated there.

There was a motion for judgment in which it was charged that three monthly instalments are overdue and unpaid. Judgment went, as we have seen, for $90 and not for $135. In the petition for a writ of error it is contended that erroneous instructions were given and that the judgment itself was unsupported by the evidence.

There is a motion to dismiss.

Code, section 6337 declares that no petition for a writ of error shall be presented to an "order of any court when the controversy is for a matter less in value or amount than $300, exclusive of costs."

In *Jones* v. *Buckingham Slate Co.,* 116 Va. 120, 81 S. E. 28, 31, are these statements of the law in Virginia: "It is true that we have held that 'where the effect of a judgment in a particular case is to draw in question the validity of a claim to an amount of greater value than the jurisdictional sum of the appellate court, although the amount involved in the present action is not as large as the minimum required, as where a subscription of over three hundred dollars of stock is drawn in question in an action on quotas of less than three hundred dollars, or where the validity of a bond for a larger amount is drawn in question in an action on a coupon cut therefrom for a smaller amount,' a writ of error will lie, if it appears that the judgment conclusively settles the rights of the parties as to

the larger amount.   Burks on Pleading and Practice, section 377.

"It was so held in *Stuart* v. *Valley Ry. Co.,* 32 Gratt. (73 Va.) 146; *Campbell* v. *Smith,* 32 Gratt. (73 Va.) 288; *Elliott* v. *Ashby,* 104 Va. 716, 52 S. E. 383; *International Harvester Co.* v. *Smith,* 105 Va. 683, 54 S. E. 859.   But in all those cases it was certain that the effect of the decision was to settle the rights of the parties as to a sum in excess of the minimum of this court's jurisdiction—not as a matter of conjecture or possibility, but beyond all dispute, as where there was an action upon a coupon cut from a bond, or where the action was brought to recover an assessment upon a stock subscription greater in amount than the minimum jurisdiction of the court.

"In *Elgin* v. *Marshall,* 106 U. S. 578, 1 S. Ct. 484, 27 L. Ed. 249, the Supreme Court held directly to the contrary and its decision seems to be in accordance with the general current of authority in other States than ours.   While, therefore, in cases identical with those which we have already decided we might feel bound by the rule of *stare decisis,* we are not disposed to extend the principle of those cases further than we have already gone."

*Elgin* v. *Marshall, supra,* was an action on coupons whose aggregate sum was not jurisdictional.   The bonds from which they were detached were promises to pay $5,000.   The Supreme Court held that this collateral fact could not be considered, and that it was without jurisdiction.   To the same effect is *New England Mortgage Sec. Co.* v. *Gay,* 145 U. S. 123, 12 S. Ct. 815, 36 L. Ed. 646; *Washington, etc., R. Co.* v. *District of Columbia,* 146 U. S. 227, 13 S. Ct. 64, 36 L. Ed. 951, and many other Federal cases.   See, also, 2 R. C. L., page 39; 3 C. J., page 421.

In *Jones* v. *Buckingham Slate Co., supra,* Keith, P., said that we were bound by the rule of *stare decisis* but that the rule there followed should not be extended beyond the limits already reached.   In this case title to the land was involved.

*International Harvester Co.* v. *Smith, supra,* was an action on a note for $183.   That was a purchase price note, and

other notes given on account of the same purchase amounted to $550. The court held that since the validity of this entire debt was in question it had jurisdiction.

*Elliott* v. *Ashby, supra,* brought into question the validity of a stock subscription of more than $300. And this was the situation in *Stuart* v. *Valley Ry. Co., supra.* In all of these cases Judge Keith said that the decision settled rights in excess of the court's minimum jurisdiction, not as a matter of conjecture or possibility but beyond all dispute.

In this case the payment of $45 a month was to terminate upon the death of either Mrs. Capell or Mr. Capell. Plainly there was a possibility that one of these litigants might die before another month had passed.

Nor was any principle settled by this disputed judgment. It but reaffirmed a judgment for alimony already given. That is to say it held that the new agreement was but a modification of the original agreement and was a matter over which jurisdiction continued.

The motion to dismiss should have been sustained. Assuming but not conceding that it should not, the results are the same. The form of procedure is not questioned. Two payments were due and since they were due no other judgment could have been entered, unless possibly one for $135 with interest not from the 15th but from the 1st of the months of the maturity of the items—monthly instalments of alimony.

█ Since no other judgment could have been entered more favorable to the defendant than that under review, we need not concern ourselves about instructions.

Whether the case be dismissed for want of jurisdiction or be considered upon its merits, we reach the same conclusion. The court was without jurisdiction; therefore, a writ of error should not have been awarded.

*Dismissed.*